May it please the Court, my name is Nicole Harris. I am counsel for Appellant Alice Faye O'Donnell. My co-counsel is Erin Heidemann. We're law students at the University of Arizona James E. Rogers College of Law, appearing before you through the Appellate Pro Bono Project, supervised by Dr. Willie Jordan Curtis. I will be discussing the doctrine of equitable tolling.  We are here today on behalf of our client, Mrs. Alice Faye O'Donnell, a 71-year-old grandmother who was wrongfully terminated by the defendant several years ago. Mrs. O'Donnell timely filed a charge with the EEOC in 1998. She was issued a right-to-sue letter, and she has pursued her claim from the District Court of Arizona to United States Bankruptcy Court in Delaware, back to the District Court of Arizona, and here before you today at the Ninth Circuit. In 1999, Mrs. O'Donnell filed her civil claim in the District Court of Arizona. She was in pursuit of that claim when the defendant filed for bankruptcy. As a result of that bankruptcy, an automatic stay was erected on Mrs. O'Donnell's claim. Pursuant to 11 U.S.C. section 362, Mrs. O'Donnell was informed that she was restrained and enjoined from continuing her existing lawsuit or filing any new lawsuits against the defendant. The District Court placed Mrs. O'Donnell's case on inactive status and notified her that she had to move to lift the stay if she wanted to proceed forward in the District Court. Mrs. O'Donnell petitioned the Bankruptcy Court to lift the stay on her claim so that she could continue pursuit in the District Court of Arizona. She did not receive a court of correspondence from the Bankruptcy Court, and her case was dismissed by the District Court of Arizona in October of 1999. Mrs. O'Donnell continued to correspond with the Bankruptcy Court in Delaware, and as soon as she received notification that the stay was lifted, she refiled her claim in 2001, September 27, 2001, whereupon she proceeded to pursue that claim for another two years before the defendant filed a motion to dismiss her claims as time barred. Mrs. O'Donnell's case was finally dismissed. Mr. Harris, if I might. The first claim in Arizona came up for a hearing before the magistrate judge, and the magistrate judge said, well, we're going to continue this for six months while you, Ms. O'Donnell, go back to the East Coast where the Bankruptcy Court is and try to get authority to go forward with this, notwithstanding the order of the stay, or go ahead and bring it to a conclusion in the Bankruptcy Court or show us that there's some other reason why we should continue to maintain this here in this court. So six months goes by, and then there's a renewal for another six months. I think there was a little difficulty in the magistrate judge and Ms. O'Donnell getting together, but the magistrate judge continues it for another six months. So now a year has gone by. And then when she doesn't show up because her car broke down, he dismisses it. And that was on, what, October 2 of 99? Yes. Okay. And then she does call to his attention. She files some kind of a pleading with him explaining that the car broke down. Did she do anything? She filed a motion for continuance in the rescheduling of the status conference hearing that she missed. So she files a motion for continuance and explains to him that her car broke down, does she? Yes, she does, Your Honor. And he says, well, I'm still going to dismiss it because you haven't done what I told you to do, and you've had a year to do it. Right, Your Honor. Is that right? Yes. Now, what she relied upon then on the automatic stay was that she could not do anything from that point further until the automatic stay was lifted. That's her position? Correct. And that's what she thought? Uh-huh. Okay. It was dismissed without prejudice. And she understood that that means that she could refile her claim when the automatic stay was lifted. Yes. And that is what she did. As soon as she received notification, she refiled her claim, September 27, 2001. Right. And was in pursuit of that claim for over two years before it was dismissed, as time barred. And we argue equitable tolling before this Court because we feel that it is applicable here. This Court in Natten recognized that equitable tolling is applicable when a plaintiff is excusably ignorant of the statute of limitations period. And that is what we have here. She believed that the only way to reconcile the dismissal without prejudice and the automatic stay on her claim was for the statute of limitations to be told. And as soon as the automatic stay was lifted, she would file her claim. I see that I'm running into my co-counsel's time. Unless the Court has any more questions, I'd like to ask. I do have one question for you, Counsel. Are the facts that relate to equitable tolling disputed or undisputed? They are undisputed, Your Honor. Okay. All right. Thank you. We'll hear from your co-counsel. Good morning, Your Honors. My co-counsel, Ms. Harris, has discussed with the Court why equitable tolling is applicable to this case. I would like to spend my time before the Court focused on the statute of limitations, the passage of which was the basis for the dismissal of Ms. O'Donnell's 2001 claim. I'd like to discuss with the Court the purposes of such statutes and why those purposes are met in this case. Your Honors, the Supreme Court of the United States in the Burnett case has articulated the purposes of statutes of limitations, and they are twofold. First, such statutes serve to motivate plaintiffs to diligently pursue their claims. Encompassed within that is the judicious belief that a defendant should not have to defend a claim when the evidence has grown stale. Venn Court Inc. asserts that it would be prejudiced if it were required to defend Ms. O'Donnell's claims. However, it fails to appreciate that cries of prejudice are met with the sympathies of the Court only when they are predicated on a failure by the plaintiff to diligently pursue their claims. Because Ms. O'Donnell was diligent in pursuing her claim not only with the Arizona District Court, but also with the bankruptcy court in Delaware, again with the Arizona District Court, and now here before you today, Venn Court's cries of prejudice should be disregarded. The Burnett case explicitly states that a defendant may not rely on the policy of repose inherent in the statute of limitations if the defendant is aware that the plaintiff is actively pursuing her claims. Venn Court Inc. was aware that Ms. O'Donnell was actively pursuing her claim, and therefore their claims, cries of prejudice, should be disregarded. I suppose the problem is that the whole idea of a statute of limitation is to give somebody a bright line so they know the underlying purpose is to avoid stale claims and things like that. But the law doesn't just say that stale claims will be dismissed. It says claims not brought within X number of years of accrual will be dismissed. And so I'm not so sure if time actually runs that we'd have much of a statute of limitations if each time that happened we had to look and see, well, is it really fair to apply this statute? I would direct this Court to the various opinions not only from the Supreme Court, but from this Court as well, which states that procedural bars such as statutes of limitations should be given effect only when their enforcement will not result in manifest injustice. Because it would be manifestly unjust to deprive Ms. O'Donnell of her day in court when she was excusably ignorant of the running of the statute of limitations and had a reasonable belief that it was told throughout the pendency of this day, we ask that this Court reverse the district court's order dismissing her case and remand it for a trial on the merits. I will reserve my remaining time for rebuttal. Roberts. Thank you. Thank you. Mr. Hudson. Good morning, Your Honors. Thomas Hudson on behalf of Defendant Apley Venkor, now known as Kindred. In addition to answering any questions the Court may have, I plan to focus on two main points that I want to elaborate on from the briefing. The first is why the nature of the mistake that was made here, which ultimately boils down to a misunderstanding of the law, means the district court correctly rejected applying the doctrine of equitable tolling. And second, I want to explain why, even if equitable tolling were applied in this case, all but the Equal Pay Act claim would nevertheless be time-barred. Now, turning to the first point. Would you, Mr. Hudson? Yes. What concerns me is this October 2, 1999, when the magistrate judge dismisses without prejudice the Arizona complaint. And it was 2000, I think, was the date. Not 99. It was 2000. Okay. October 2 of 2000. Now, when he dismisses that, then the Mrs. O'Donnell goes back and explains to him that her car broke down and she couldn't be here and that's why she wasn't here. Correct. But he says, well, no, he's given her a year, I guess. She hasn't done what he wanted her to do, so he's going to dismiss it. Now, what should she have done, if anything, at that point? What her proper course at that point, Judge Thompson, and what the case law says, is that she should have taken an appeal. Even though the dismissal was without prejudice, it is an order that can be appealed and it's one that she needed to appeal in order to prevent her claim from becoming time barred. And this, I think, is laid out best in the justice case that we cite in our brief. It is an Eleventh Circuit decision, but it's applying the same equitable tolling doctrine that's applied in the Ninth Circuit. And that case involved a dismissal without prejudice. Plaintiff did not appeal, filed a second action, and the Eleventh Circuit, of course, said that the dismissal of the first action becomes a legal nullity for purposes of statute of limitation. And, therefore, by the time the second action was filed, the claim was time barred and declined to apply the doctrine of equitable tolling precisely because the plaintiff had an adequate remedy at law, could have taken an appeal, just as we have in this case. And Dean is the Ninth Circuit case that's cited in our papers that talks about the ability to take an appeal from a dismissal without prejudice. Roberts. Am I correct in looking at the issues in this case that on the equitable tolling issue, the issue is whether the district court should have applied the doctrine, not whether it applied it incorrectly? That's correct. Yes, that's correct, Judge Hawkins. And going back to the first point, the district court was correct in determining that it should not apply the doctrine. As the Supreme Court cases and as the Ninth Circuit cases emphasize, equitable tolling is a doctrine to be applied in very rare circumstances. And sort of the bottom line concept that the cases focus on is this idea of due diligence. Could a plaintiff exercising due diligence have pursued the claim? And that's an objective standard. In light of that, in light of the fact that the focus is on due diligence, the cases say when the mistake is one based on a misunderstanding of the law, we recognize that a plaintiff exercising due diligence could pursue the claim. And, of course, at bottom, that's what this case is about. At bottom, it boils down to a misunderstanding of the law on the part of the plaintiff. And this, I think, is acknowledged by plaintiff most clearly in footnote 2 of her reply brief, where she says, yeah, it was my understanding of the law, which we know is mistaken. Yeah. Because I think she is saying either I don't recall specifically what she's saying. I didn't know I had the right to appeal. Or I know she's saying the automatic stay, in my knowledge, precluded me from filing another action after the dismissal, even though it was out without prejudice. The automatic stay precluded that. And I think we would all agree that was so. But what is it? Did she say she didn't know she had the right to appeal or thought the automatic stay precluded the use? That's correct. She's saying that she understood when the district court dismissed it without prejudice, that that meant she could re-file another action and didn't need to do anything to preserve her rights. And that's just a misunderstanding of the law. What about the right to appeal? What did she say about the right to appeal? She just didn't know about it? I think that's fair to assume. What's suggested in the supplemental reply brief by my opponents is that there may not have been a right to appeal, but that's incorrect. The Dean case makes quite clear, and the Justice case as well. But I suppose if she was under the impression that she could re-file without any disability or problems, there was no need to appeal, in her view, what the effect was of the dismissal. And I think that's correct, Judge Camby. But, again, what that shows is that the reason she didn't take action was because she had a misunderstanding of the law. And a plaintiff exercising due diligence could obtain a correct understanding of the law. And I think that's sort of an important rule, that the idea that we have to treat people as understanding the law for purposes of an objective standard in the equitable tolling context. Otherwise, the rule will just swallow itself. Now, you sue somebody and they go into bankruptcy, you're stated. You can't do anything. And if the magistrate had not issued any orders, I suppose then she just waits until she hears that the bankruptcy is terminated and then continues her lawsuit. I think that's right, Judge Camby. If the magistrate hadn't acted, you know, that may well have occurred. So is it automatic that the bankruptcy judge would lift the stay? I mean to me, two points that I think respond to the question. One is Magistrate Anderson didn't require her to actually have the stay lifted. He said, demonstrate to me that you're taking steps to either have the stay lifted or reduce your claim to judgment at the bankruptcy court. He didn't actually require that she be successful. But second, I think in connection with this appeal, which is an appeal from a subsequent lawsuit, we can't – I think we need to be careful about how closely we examine what happened in the first action precisely because there was no appeal taken from it. So I think here today we have to accept that the case was dismissed and whether he should have or shouldn't have is not something that this court can question in an appeal from a subsequent action. Let me just turn briefly to the second point that I just want to elaborate on because we focus so much on equitable estoppel, unless the court has further questions on the first topic. And that's that, you know, equitable estoppel aside, the Title VII claim and the Age Discrimination Act claims are time-barred. And the reason we say that is because the first action was dismissed without prejudice. And again, what that means for statute of limitations purposes is it becomes a legal nullity. It has no tolling effect whatsoever. The statute of limitations period for those claims is 90 days. It runs from the receipt of the EEOC right to sue letter. Plaintiff received that letter in October of 1998. She didn't file the second action until well into 2000. And the bankruptcy, of course, didn't even occur until September of 1999. All those periods are well beyond the 90-day period. So, you know, whatever we want to say about tolling, those claims are time-barred. The only claim that might be saved is the Equal Pay Act claim. Unless the court has further questions, I'll ask that the court affirm. Roberts, do you have any? Thank you, counsel, for your argument. Rebuttal? Your Honors, I would just like to make a couple of rather quick points. First of all, the Justice case and the Dean case on which opposing counsel relies were not cited in their brief and, therefore, should not have been discussed in argument here today. Secondly, the law on equitable tolling is clear. If a plaintiff is excusably ignorant of the statute of limitations, then this Court and other courts have recognized that even though the plaintiff may have exceeded the procedural bar put in place by the legislature, if things come up that the legislature did not anticipate, then equitable tolling allows the court to save the plaintiff's claims. Because we have Ms. O'Donnell, who worked for eight years, who confronted issues dealing with Title VII and ADEA law, who worked diligently in the bankruptcy court in Delaware, who was successful in preserving her claim there, and who, again, spent another two years litigating her claim in the District of Arizona, we find that she was absolutely diligent throughout the eight years. Her mistake was a reasonable mistake to be made. When she received the order dismissing her case without prejudice, she understood that dismissal without prejudice allowed her to bring her claim again. The only reasonable reading of the stay and the order dismissing without prejudice is the idea that once you get the stay lifted, the doors of the district court are open to you and you can come back and refile your claim. That's what Ms. O'Donnell did. We respectfully request that this Court recognize that equitable tolling is appropriately applied and that the order dismissing her case is reversed and this matter is remanded so that she may have her day before the jury. Thank you. Roberts. I'm sorry, but I have a question for Mr. Hudson. Just at the very almost last sentence you said is something about the only thing that might survive is the Equal Pay Act claim. What did you mean by that? Well, I mean, our first argument, of course, is that equitable tolling, the district court properly did not apply equitable tolling and, therefore, this Court should affirm. But if the doctrine of equitable tolling were applied, the only claim that could survive is the Equal Pay Act because it has a three-year statute of limitations. And if I might, the Dean and Justice case are cited in the first original answering brief. All right. Okay. The case just argued will be submitted for decision. Thank all counsel for their arguments.
judges: Canby, Thompson, Hawkins